[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Date of Sentence May 16, 1991 Date Application Filed May 22, 1991 Date of Decision July 28, 1992
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, Docket No. CR89-371056;
Matthew Collins, Esq., Defense counsel, for petitioner.
 Christopher Morano, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION;
The petitioner, who was twenty years of age at the time of sentencing, was found guilty by a jury of the following offenses:
1. Manslaughter, 1st Degree (C.G.S. Sec. 53a-55(a)(3))
2. Larceny, 1st Degree (C.G.S. Sec. 53a-122(a)(3)) CT Page 8307
He was sentenced to an effective sentence of thirty-five (35) years — twenty (20) years for Manslaughter and fifteen (15) years consecutive for the Larceny conviction.
On July 22, 1989, at approximately 1:30 A.M., the petitioner was operating an automobile which had been stolen on July 21, 1989 from an automobile rental agency in Windsor Locks. After being stopped for running a stop sign in Hartford, the petitioner sped away from the police. He drove without lights on I-84 going easterly in the westbound lanes, and then went onto I-91 traveling north in the southbound traffic lanes, where he struck a vehicle driven by the victim. The victim, a young woman on her way home from work, sustained injuries which resulted in her death several hours later. Although conscious following the collision, she was trapped in her car and bled to death from her extensive injuries.
The petitioner states that comments made by the victim's family members were improper and impacted improperly on the sentencing Court's decision. The sentencing Court, however, noted that the petitioner's past record was one of the main considerations and not the statements made to the Court by the victim's family. In fact the sentencing Court did not impose the maximum sentences despite the urging of the victim's family to do so.
The petitioner, for whatever reason, appears to have a callous disregard for the rights of others. His criminal activity commences with a robbery at the age of thirteen and continuing with distressing regularity thereafter. Rehabilitative efforts during his juvenile years were unsuccessful and his anti-social criminal activity continued into the adult criminal justice system. When the instant crimes occurred he was an escapee from a Community Residence program. This Division agrees with the sentencing Court that the petitioner poses a serious threat to the safety of citizens in the community.
The offenses here are indeed serious. An innocent life was cruelly and horribly taken by the cold and callous acts of the petitioner. As for the larceny, an expensive automobile was demolished. The petitioner's character has been discussed and the need for public protection is obvious. A sentence has deterrent, rehabilitative, isolative and denunciatory purposes. The Division has reviewed this sentence guided by these standards (Conn. Practice Book Sec. 942). It finds the sentence to be appropriate and proportionate. It is affirmed. CT Page 8308
Purtill, Klaczak and Norko, JJ., participated in this decision.